274 F.2d 428
 REDERI A/B PULP, Rederi A/B Jamaica, D/S A/S Eikland and
Salamis A/S, d.b.a. Salen-Skaugen Line, and A/S
Igadi, Libelants-Appellees,
v.
REPUBLIC CHEMICAL CORPORATION, Respondent and Impleading
Petitioner-Appellant(Olin Mathieson Chemical
Corporation, Impleaded Respondent-Appellee.)
 No. 99, Docket No. 25546.
 United States Court of Appeals Second Circuit.
 Argued Jan. 11, 1960.
Decided Jan. 28, 1960.
 
 Alfred S. Julien, New York City, for appellant, Republic Chemical corporation.
 John R. Hupper, New York City (Cravath, Swaine & Moore and George S. Parlin, Jr., New York City, on the brief), for impleaded respondent-appellee.
 Thomas R. H. Howarth, New York City (Haight, Gardner, Poor & Havens, Tallman Bissell, and Richard A. Lempert, New York City, on the brief), for libelants-appellees.
 Before CLARK, HINCKS, and WATERMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 The appellant here, Republic Chemical Corporation, complains rather bitterly that it has been caught here in pincers between libelants' claim of freight upon breach of its two contracts to ship superphosphate fertilizer to Korea by libelants' vessels and the impleaded respondent's failure to honor commitments to furnish the shipments. But the questions presented are essentially those of fact: whether libelants and Republic completed negotiations for the contracts of carriage and what their provisions were; whether libelants were prepared to perform and Republic anticipatorily breached the contracts (an issue clearly raised by the facts pleaded); whether the impleaded respondent complied so far as it could with providing space for loading at its narrow pier in Baltimore under conditions well known to Republic; and whether there was waiver or estoppel upon which Republic could rely. Judge McGohey's findings and conclusions against Republic and in favor of each of the other parties, D.C.S.D.N.Y., 161 F.Supp. 726, are not erroneous, but find complete support in the record. Republic made the mistake of engaging vessels on terms profitable to it when it did not have a firm commitment from its supplier for the dates it had agreed to load and when it had full knowledge of the tight schedule to which its supplier was limited by virtue of the latter's loading conditions. Republic took a business risk for profit and was defeated by the weather and other circumstances; it must stand its loss. We are content to affirm on Judge McGohey's good decision.
 
 
 2
 Affirmed.